UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
TRAIN DERAILMENT NEAR AMITE, LA           MDL NO. 03-1531
ON OCTOBER 12, 2002

                                          SECTION: A/1

This document relates to:                 JUDGE ZAINEY
All cases                                 MAGISTRATE JUDGE SHUSHAN

## REPORT AND RECOMMENDATION

The District Court referred the motion of class counsel for award of attorneys' fees to the undersigned. Rec. doc. 408. For the reasons described below, it is recommended that the motion be granted.

The history of this litigation is described in class counsel's memorandum. Rec. doc. 407 at pp. 4-8. The motion was set for hearing on May 1, 2007. Rec. doc. 409. At the hearing there were no objections to the motion. Rec. doc. 413.

For the reasons described in the class counsel's memorandum, the fee award will be a percentage of the Common Benefit Fund rather than a lodestar formula. Rec. doc. 407 at pp. 10-18. A fee award of forty percent over and above deductions from the client's award for documented litigation costs and expenses is reasonable and consistent with fee awards in similar cases. See Pedeaux, et al v. Georgia Gulf Corp., et al, 01-0349 (M.D.La.) (Polozola, J.); and In the Matter of the Complaint of Ingram Barge Company, 97-226 (M.D.La) (Parker, J.). Based on the undersigned's familiarity with the work of class counsel and the evidence submitted in support of the motion, the fee award sought is reasonable in light of the factors enunciated in Johnson v.

Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

    IT IS RECOMMENDED that:

1. Class counsel's motion for award of attorneys' fees (Rec. doc. 407) be GRANTED.

2. Class counsel be awarded attorneys fees of forty percent (40%) of the Common Fund and reimbursement of reasonable costs.

3. Class counsel be awarded, subject to verification and approval by the court appointed disbursement agent, reimbursement for documented and supported common benefit costs and expenses from the reserves previously approved by the Court for class litigation costs, class administrative costs and expenses, and class distribution costs and taxes.

4. To the extent that any funds remain in any of the cost-related reserves, these residual funds be awarded to class counsel as fees in addition to the full amount of the Fee Reserve, up to an award of forty percent of the Common Benefit Fund to cover any shortfall in the fee award.

5. The contingent fee contracts entered into by the class members with their private counsel and the fee provisions cited therein be recognized, subject to the appropriate payment of fees and costs therefrom to fund the Common Benefit Fund.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. USAA, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 5th day of June, 2007.

_____
**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**